# CIRCUIT COURT OF LOUDOUN COUNTY

Centex Homes, G.P.,
John Busby,
and Jane Busby

    v.

Loudoun County
Board of Supervisors

March 26, 2007

Case No. (Civil) 41482

BY JUDGE THOMAS D. HORNE

In this complaint for declaratory and other relief, plaintiffs, Centex Homes, G.P., John Busby, and Jane Busby, have moved for summary judgment on their claim that the Board of Supervisors wrongfully denied a 30.59-acre rezoning in Loudoun County. Plaintiff, Centex Homes, G.P., is the contract purchaser of a tract belonging to John Busby and his wife Jane. Plaintiffs contend that a final vote of the Board of Supervisors, approving a rezoning of the tract, was taken on April 18, 2006, and that, by statute, the rezoning became effective on that date. Thus, any attempt to reverse the decision at the next meeting of the board was a futile exercise.

The legislature has mandated that, "[a]n ordinance shall become effective upon adoption or upon a date fixed by the governing body." Va. Code Ann. § 15.2-1427(B) (2006). The Board established no fixed date when the rezoning would become effective. It is therefore suggested that, having become effective upon adoption, the ordinance could not otherwise be amended or repealed except in accordance with the formalities attendant to the adoption of the ordinance. Va. Code Ann. § 15.2-1427(D).

Events occurring subsequent to the April 18, 2006, would spawn the instant litigation.

Following the approval of the rezoning at the April meeting, the Board next met on May 2, 2006. At this meeting, the Chairman of the Board, who had been absent from the April 18, 2006, meeting, placed the matter of the rezoning on the agenda for reconsideration. He did so in accordance with rules of procedure established by the Board of Supervisors. In addition to the Chairman, two other members who were not present at the April 18, 2006, meeting were in attendance at the May 2, 2006, meeting. When brought forward for a vote upon reconsideration, the rezoning was denied. Notice of the motion to reconsider was not published pursuant to Va. Code Ann. § 15.2-2204.

Section IX of the Rules of Order of the Board of Supervisors provides that:

> [w]hen a question has been decided by the Board, it shall be in order for any Member voting with the prevailing side or who has not voted on the question, to offer a motion for reconsideration thereof during the same or succeeding meeting, and such motion shall take precedence of all other questions except a motion to adjourn.

The votes taken at the April and May meetings met the requirement of the Constitution of Virginia that, in order to become effective, the name of each member of the Board and how they voted on the ordinance be recorded. Va. Const., art. 7, § 7. In each case, the vote upon the issue reflected the names of the Supervisors voting and the way in which they voted upon the rezoning.

For purposes of judicial review, finality in the decision making process of a board of zoning appeals has been held to commence the running of the period of limitations upon the vote being taken not the subsequent notification by an administrative official. *West Lewinsville Heights Ass'n v. Board of Supervisors*, 270 Va. 259 (2005). In *West Lewinsville*, the Supreme Court, in evaluating the timeliness of an appeal from a decision of the Fairfax County Board of Zoning Appeals, fixed the beginning date, or "date of the final decision" for purposes of the commencement of the thirty day window for such appeals when "the decision ultimately resolving the merits of the . . . appeal" was made. *Id.*

In the instant case, the decision ultimately deciding the merits of the application for the rezoning was made at the May 2, 2006, hearing on reconsideration. The decision was made in accordance with rules of procedure adopted by the Board. Reconsideration in conformity with those rules was timely made and votes recorded consistent with Constitutional mandate. In the view of the Attorney General:

[l]ocal governing bodies often enact rules of procedure which provide for reconsideration of ordinances. Such rules usually provide that an ordinance which has been defeated can be reconsidered if a motion to that effect passes at or before the next ensuing regular meeting of the governing body. In such circumstances, the reconsidered ordinance is not treated as a new ordinance, and regular notice and hearing requirements do not apply.

1975-1976 Va. Attorney General Ops. 403.

There is no discernable distinction to be drawn between reconsideration of ordinances that have been defeated and those that have been passed.

Throughout history, governing bodies have set and followed established parliamentary procedures. In the Icelandic Althingi, the world's first parliamentary body established in 930 A.D., a "Lawspeaker" directed events and proclaimed how the parliamentary business would be conducted and established procedural law within the assembly. In early England, the Curia Regis was a council of tenants-in-chief and ecclesiastics that advised the king on legislative matters. The tenants-in-chief, ecclesiastics, and the king often battled for power, and, in 1215, King John signed the Magna Carta, which established that the king may not levy or collect any taxes, except with the consent of a council. Our modern governments have their origins in the Curiae Regis, and our governing bodies follow parliamentary procedure as originated in the Great Council later known as the "Parliamentum" and, in modern times, as Parliament.

In the opinion of the Court the rules of procedure and statutory requirements relating to adoption of an ordinance can be harmonized without making an unwarranted intrusion into the legislative prerogative of the Board, where not limited by statute or the Constitution, to develop rules governing the method by which issues are raised and votes taken on the merits. Once adopted in accordance with those rules, the ordinance becomes effective unless a different date is specified.

Accordingly, the Motion for Summary Judgment is denied, and the case is continued.